**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

**ALIYAH SILVER,**

**Plaintiff,**

**-against-**

**TOP LINE REPORTING INC. and**
**TRANS UNION, LLC.,**
**Defendants.**

-------------------------------------------------------------------x

**Case No. 1:25-cv-04375**

**COMPLAINT**

Plaintiff ALIYAH SILVER ("Plaintiff"), by and through her undersigned counsel, Mallon Consumer Law Group, PLLC brings this action against Defendants TOP LINE REPORTING INC. ("Top Line") TRANS UNION, LLC. ("Trans Union"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Top Line Reporting Inc. for reporting Plaintiff delinquent on rent payments which she did not owe and against Trans Union for failing to investigate the Plaintiff's disputes.

2. Defendant Top Line violated both the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 et seq. and the Fair Debt Collection Practices Act ("FDCPA"), 15 USC 1692 et seq., for both placing false information on Plaintiffs' credit report and refusing to reasonably investigate Plaintiff's disputes of that alleged debt.

3. Plaintiff brings this action against Defendant Trans Union, major national credit reporting agency, for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the New

York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by failing to conduct reasonable investigations after the Plaintiff disputed the erroneous Top Line charges on her report.

4. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused her to suffer actual damages including, *but not limited to*, denial of credit, damage to reputation, adverse impact on credit rating, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

8. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff, a natural person, is a resident of the State of New York and Kings County, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within

the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Top Line is a New York corporation duly authorized and qualified to do business in the State of New York. Top Line qualifies as a "furnisher of information" as contemplated by the FCRA, that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. Top Line further qualifies as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

## FACTUAL BACKGROUND

12. Plaintiff had previously entered a lease agreement to rent an apartment with 101 Bruckner.

13. Plaintiff made all monthly payments in a timely manner in accordance with the terms of the lease agreement.

14. Plaintiff was forced to vacate her apartment in May 2024 after it became infested with rodents and uninhabitable. Plaintiff promptly informed 101 Bruckner that she was vacating the apartment since it was no longer habitable.

15. Before the Plaintiff left the leased premises in May of 2024, she paid the rent due for that month to 101 Bruckner and communicated to the latter to use her security deposit to cover the rent for the month of June, and that she agreed to pay the rent as well for the month of July if no one else would move in by that time.

16. 101 Bruckner applied suddenly informed the Plaintiff that she owed them $6,437 for a "concession charge." However, Plaintiff's lease with 101 Bruckner makes no mention of a "concession charge" and there was no legal basis whatsoever to seek those amounts from Plaintiff.

17. In fact, 101 Bruckner sent Plaintiff an e-mail on July 31, 2024 stating that she owed $2,857 and made no mention of any $6,437 concession charge.

18. Plaintiff in fact did not owe her landlord any amounts as she had already paid 101 Bruckner the rent due for the first two weeks of July.

19. At some point 101 Bruckner presumably retained Defendant Top Line Reporting in an attempt to collect a debt it alleged Plaintiff owed on her apartment.

20. Plaintiff had never received a bill from Top Line, stating or itemizing the charges that were being collected from her. Instead, Top Line merely reported that Plaintiff owed $3,820 and that she was 60 days late on that payment to Trans Union.

21. Plaintiff mailed a detailed written dispute with supporting documentation to Defendant Trans Union on December 5, 2024.

22. Plaintiff is informed and believes that upon receipt of her written dispute Trans Union forwarded the dispute and all supporting documentation to Defendant Top Line.

23. Instead of conducting any type of actual investigation of Plaintiff's claims and dispute as required by the FCRA, Defendant Top Line merely verified that Plaintiff owed the amounts alleged as stated in its system.

24. Upon receipt of the verification from Top Line Defendant Trans Union failed to conduct any type of actual investigation into Plaintiffs' dispute, and instead merely "parroted" the results of Top Line's dispute results.

25. Trans Union mailed Plaintiff the results of it's "reinvestigation" on December 19, 2024. It informed Plaintiff that the information from Top Line has been "verified as accurate."

26. The Top Line tradeline on Plaintiff's credit report was self-contradictory. The account says it was 60 days past due in December 2024, yet in the monthly payment rating on the tradeline state that Top Line did not know if Plaintiff made payments in July through November 2024. If Top Line was

unable provide Trans Union for Plaintiff's monthly payments it obviously could not prove that Plaintiff was ever 60 days late on the account.

27. Upon receiving the dispute results from Trans Union, Plaintiff called Trans Union on December 23, 2025 to understand what they did to "reinvestigate" her dispute and to dispute the inaccurate information once again.

28. During that call a Trans Union representative repeatedly told Plaintiff that Trans Union did not do any type of investigation into Plaintiff's dispute but instead merely listed to whatever Top Line told it to report regarding Plaintiff.

29. Trans Union then sent Plaintiff another letter on that same date stating that it was refusing to conduct another "investigation" of Plaintiff's dispute and would not even notify Top Line that Plaintiff was once again disputing the account.

30. Plaintiff has suffered harm as a result of Defendants' conduct. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in being denied credit, and caused Plaintiff significant emotional distress and damage to her reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
Against All Defendants

31. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in

the FCRA. See 15 U.S.C. § 1681a(d).

33. Such reports erroneously included false and derogatory payment information associated with the

34. Defendant Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Top Line collections account.

35. Defendant Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

36. Defendant Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Top Line collections account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

37. After receiving notification of the Plaintiff's disputes from Trans Union, Defendant Top Line, willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's dispute of the erroneous and derogatory payment information associated with the subject account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

38. Defendant Top Line willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by Top Line in conducting its reinvestigations of the subject account.

39. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
Against Defendant Trans Union Only

40. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

42. Such reports erroneously included false and derogatory payment information associated with the subject Top Line collections account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

43. Defendant Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's dispute of the erroneous and derogatory payment information associated with the subject Top Line collection account.

44. Defendant Trans Union (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's dispute of the erroneous and derogatory payment information associated with the subject Top Line collections account.

45. Defendant Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Top

Line collections account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

46. Defendant Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Top Line collections account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

47. Defendant Trans Union published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject accounts and the subject Top Line collections account, causing the Plaintiff to suffer economic harm via being offered credit on inferior terms, limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

48. Accordingly, Defendant Trans Union is thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

49. Plaintiff is thus further entitled to an injunction requiring the consumer reporting Defendant to remove the erroneous and derogatory payment information associated with the subject Top Line collections account from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

## THIRD CAUSE OF ACTION

VIOLATION OF THE FDCPA

Against Defendant Top Line Reporting Inc.

50. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and

realleged herein.

51. Defendant Top Line Reporting Inc. is a debt collector as defined in 15 U.S.C. § 1692(a)(6).

52. Defendant Top Line Reporting Inc. violated 15 U.S.C. § 1692e(8) by communicating false credit information to the consumer reporting agency Defendants regarding the subject disputed debt.

53. Defendant Top Line Reporting Inc. violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the subject disputed debt.

54. Defendant Top Line Reporting Inc. violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that Plaintiff did not owe.

55. Plaintiff has suffered harm as a result of Plaintiff's violations of the FDCPA including but not limited to damage to his credit and emotional distress.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: August 6, 2025

Respectfully submitted,

Kevin C. Mallon
238 Merritt Drive
Oradell, NJ. 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*