TransUnion

August 14, 2025

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Aliyah Silver v. Top Line Reporting Inc.***
Case No. 1:25-cv-04375-BMC
Letter Request for a Fed. R. Civ. P. 12 Pre-Motion Conference

Dear Judge Cogan,

The undersigned is counsel for Defendant, Trans Union, LLC ("Trans Union"), in the above-referenced matter. Trans Union submits this letter in accordance with III.B.2 of Your Honor's Individual Practices and Rules, requesting a pre-motion conference in connection with a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12.

In its motion, Trans Union will argue that Plaintiff has failed to state a claim for which relief may be granted, because Plaintiff's alleged inaccuracy appears to turn on a legal defense to a debt and is not objectively and readily verifiable.

On August 6, 2025, Plaintiff filed a Complaint against Trans Union, claiming violations of the FCRA due to the reporting of a Top Line Reporting tradeline. *See generally,* Complaint, Dkt. No. 1. Plaintiff alleges that Top Line is collecting for rents, fees, or other moneys owed pursuant to a lease, which Plaintiff admits to breaking due to unlivable conditions in the apartment. *Id*., at ¶ 14. Trans Union now requests a pre-motion conference, as the inaccuracy alleged by Plaintiff is not objectively and readily verifiable and cannot support a FCRA claim.

## Legal Standard

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (*quoting Twombly*, 550 U.S. at 555, 557). Although when considering a motion to

dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

**Plaintiff's alleged inaccuracy appears to turn on a legal defense to a valid debt and is not objectively and readily verifiable**

To state a *prima facie* FCRA claim, a plaintiff must show inaccuracy in reporting as a threshold matter. *Mader v. Experian Info. Sols., Inc*., 56 F.4th 264, 269 (2d Cir. 2023) (*citing Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021); *Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021); *Lieberman v. Am. Express Co*., No. 19-6989, 2020 WL 5517271, at *1 (E.D.N.Y. Sept. 14, 2020); *see also e.g*., *Lichtman v Chase Bank USA, N.A*., No. 18-cv-10960, 2020 WL 1989486, at *4 (S.D.N.Y. Apr. 27, 2020).

Alleged inaccuracies that turn on legal disputes or defenses are not cognizable under the FCRA and are generally collateral attacks on the legal validity of a debt. *Mader*, 56 F.4th, at 270; *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023) (further clarifying the *Mader* standard that alleged inaccuracies are not cognizable unless "objectively and readily verifiable"); *see also e.g*., *Kamrul Hossain v. Portfolio Recovery Assocs., LLC*, 693 F. Supp. 3d 358, 363 (E.D.N.Y. 2023) ("CRAs are not required to adjudicate intricate issues, legal or otherwise, to ensure the accuracy of a consumer's credit report.").[1] Consumer reporting agencies are not tribunals and are neither equipped nor required to "usurp the role of judiciary to decide legal issues" *Id*., at 364.

In the instant matter, Plaintiff alleges that the dispute between herself and her landlord (and subsequent collection agency) began when she broke her lease due to the landlord's alleged breach of the implicit warranty of habitability. Complaint, Dkt. No. 1, at ¶ 14; *see* NY RPL § 235-b. Plaintiff then alleges that the landlord charged her a "concession" fee, but that "there was no legal basis whatsoever" for said fee. Complaint, Dkt. No. 1, at ¶ 16. Plaintiff further details her issues with the landlord, including *inter alia* that she requested that her security deposit be applied to any outstanding rent (the amount of which was apparently was unknown at the time), but the landlord apparently incorrectly applied the same. *Id*., at ¶¶ 15, 18.

Whether Plaintiff's admitted breach of her lease was legally defensible is not a question for Trans Union. Neither is whether the landlord charging a "concession," or any other fee, is appropriate under the facts of this situation, or whether the landlord's application of her security deposit to unknown future quantities of rent was appropriate. The FCRA does not require Trans Union to adjudicate the legal dispute between Plaintiff and her landlord or sift through the fallout of either party's actions.

[1] Every Circuit that has considered this issue agrees. *See e.g.*, *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Chiang v. Verizon New England Inc*., 595 F.3d 26, 41 (1st Cir. 2010); *Roberts v. Carter-Young, Inc*., 131 F.4th 241, 251, 2025 U.S. App. LEXIS 6032, at *17 (4th Cir. 2025) (noting claims that involve fraud, tortious conduct, complex fact-gathering, and those requiring in-depth legal analysis are not "objectively and readily verifiable"); *Saunders v. Branch Banking & Tr. Co*., 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks'"); *Reyes v. Equifax Info. Servs., L.L.C*., No. 24-40415, 2025 U.S. App. LEXIS 14672, at *12 (5th Cir. June 13, 2025); *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891-92 (9th Cir. 2010); *Wright v. Experian Info. Sols., Inc*., 805 F.3d 1232, 1242 (10th Cir. 2015); *Batterman v. BR Carroll Glenridge, LLC,* 829 F. App'x 478, 481 (11th Cir. 2020); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024) (further clarifying the "objectively and readily verifiable" standard).

Plaintiff also admits that Trans Union did reinvestigate her dispute, even though the FCRA does not require it to do so in situations such as this. *Id.*, at ¶ 22. That Plaintiff was unhappy with the results of said reinvestigation, or disagreed with the furnisher, is not a valid FCRA claim. *Id.*, at ¶¶ 23-25.

Because alleged inaccuracies that turn on a legal dispute or defense between the creditor and consumer are not cognizable under the FCRA, and the answers to the questions presented in this litigation are not objectively and readily verifiable, Plaintiff has not stated a claim for which relief may be granted, and her Complaint should be dismissed.

**<u>Plaintiff's NYFCRA claim should be dismissed for the same reasons as her FCRA claim</u>**

Because Plaintiff's NYFCRA claim is the same as the FCRA claim, Plaintiff's NYFCRA claim should be dismissed for the same reasons. *See Mader*, 56 F.4th at 267 n.1 (quoting *Scott v. Real Est. Fin. Grp*., 183 F.3d 97, 100 (2d Cir. 1999); *Rogers v. Equifax Info. Servs. LLC*, No. 23-CV-0537 (RPK) (TAM), 2024 U.S. Dist. LEXIS 101077, at *8 (E.D.N.Y. June 6, 2024); *see also Abdallah v. Lexisnexis Risk Sols. Fl,* No. 19-CV-3609 (RRM) (VMS), 2021 U.S. Dist. LEXIS 62229, at *23 (E.D.N.Y. Mar. 30, 2021) (quoting *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 n.6 (E.D.N.Y. 1994) ("The provisions of the NYFCRA are essentially identical to those of the FCRA, and have been construed using the same standards applicable to the federal act")).

Respectfully,

Joshua Stiers, Esq.