**MALLON CONSUMER LAW GROUP, PLLC**
ATTORNEYS AT LAW
One Liberty Plaza
Suite 2301
New York NY 10006
(917) 734-6815
kmallon@consumerprotectionfirm.com

September 18, 2025

**VIA ECF**
Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Silver v. Top Line Reporting Inc., et al.* EDNY 1:25-cv-04375**

Dear Judge Cogan:

The remaining parties to this action jointly present this letter in accordance with the Order Scheduling the Initial Conference.

1. Service of Top Line Reporting, Inc.

Plaintiff immediately attempted to serve Defendant Top Line Reporting, Inc. at CT Corporation, which listed as their registered agent, but CT Corporation informed Plaintiff's process server that they were not in fact a registered agent for Top Line. Plaintiff then attempted to serve Top Line at the only address it was able to locate online for them, but that address turned out to be a P.O. Box. Plaintiff is now attempting to serve Top Line at a third address she was able to locate for them.

2. Statement of the Nature of the Case, Claims and Defenses

Plaintiff's Claims:

Plaintiff brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 USC 1681 § et seq. Plaintiff alleges that Defendants violated the FCRA by failing to conduct reasonable investigations into the Plaintiff's disputes to Defendant Trans Union, LLC.

Plaintiff alleges that Defendants falsely reported that she was delinquent on rent payments she did not owe and was not late on. After vacating her apartment in May 2024 due to uninhabitable conditions, Plaintiff paid her rent in full, had her security deposit applied to June rent, and disputed later claims by her landlord, 101 Bruckner, that she owed additional amounts, including a fabricated "concession charge." While Top Line sent Plaintiff a rent ledger saying she owed $10,307, and Plaintiff's landlord sent her an email saying she owed $2,857, Top Line reported to Trans Union that she owed $3,820 and was 60 days delinquent, even though Silver had never received a bill for this alleged debt. Moreover, the Trans Union report for Plaintiff is

self-contradictory. It says Plaintiff was 60 days past due in December 2024, yet in the monthly payment rating on the tradeline state that Top Line did not know if Plaintiff made payments in July through November 2024.

Silver disputed the account with Trans Union in December 2024, submitting supporting documentation including her lease, the landlord's own emails, and Top Line's inconsistent ledger. Rather than conducting a meaningful investigation, Trans Union forwarded the dispute to Top Line, which merely "verified" the debt, and then reported back to Silver that the information was accurate. When Silver followed up, Trans Union allegedly admitted it simply relied on Top Line's word and refused further review. As a result, the inaccurate tradeline caused Silver to be denied credit and suffer reputational damage, emotional distress, and other harm. She asserts claims under the Fair Credit Reporting Act and New York FCRA against Trans Union, and under the FCRA and Fair Debt Collection Practices Act against Top Line, seeking damages and injunctive relief.

Trans Union's Defenses:

Defendant Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff.

Trans Union has filed its pre-motion letter and supplemental memorandum in this case detailing much more specifically its defenses to the matter. Specifically, Plaintiff's claim here is not cognizable under the FCRA, as it is based upon a legal defense to, or legal dispute regarding, a debt that Plaintiff admits exists. As the Court can see from the dispute, included with Trans Union's supplemental memorandum, the inaccuracies alleged by Plaintiff in connection with the admitted debt are neither objectively nor readily verifiable.

The FCRA does not require nor anticipate that CRAs be referees in disputes between a consumer and creditor such as this, unless the resolution to the dispute is objectively and readily verifiable. *See Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023). Should this Court rule differently, it would require Trans Union to effectively adjudicate (and be liable for) every case in the nation in which a tenant fails to make rent and alleges unlivable conditions, via disputes of credit reporting.

Plaintiff admits that Trans Union conducted a re-investigation, forwarding Plaintiff's dispute and requesting Top Line's response. There is nothing more that Trans Union could have done in this matter, nor was anything more required by the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

3. Motions Parties Intend to File

Trans Union has a pending Motion to Dismiss. Plaintiff's opposition to the motion is due by September 26, 2025. Trans Union additionally intends to file a motion for summary judgment at the close of discovery, and any further motions that may be required through the discovery process.

Respectfully submitted,

*s/ Kevin Mallon*

Kevin Mallon
Mallon Consumer Law Group, PLLC
One Liberty Plaza, Suite 2301
New York, NY 10006
Counsel for Plaintiff

*s/ Joshua A. Stiers*

Joshua A. Stiers, Esq. (NY# 5256177)
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Telephone: (765) 401-4230
E-Mail: joshua.stiers@transunion.com

*Counsel for Defendant Trans Union, LLC*