TransUnion

October 3, 2025

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Aliyah Silver v. Top Line Reporting Inc.***
Case No. 1:25-cv-04375-BMC
Reply to Plaintiff's Opposition to Trans Union's 12(b)(6) motion

Dear Judge Cogan,

The undersigned is counsel for Defendant, Trans Union, LLC ("Trans Union"), in the above-referenced matter. Trans Union submits this letter in Reply to Plaintiff's Opposition (Dkt. No. 16) to Trans Union's 12(b)(6) Motion (Dkt Nos. 6 and 11).

In its Motion, Trans Union argued that Plaintiff had not stated a cognizable FCRA claim, because the inaccuracy in reporting alleged was not objectively and readily verifiable when disputed. *See* Dkt. No. 11. Trans Union offered multiple inconsistencies between Plaintiff's depiction of events and the documents she submitted in support of her dispute. *Id.*, at 2-3. Ultimately, Trans Union argued that the inaccuracy alleged by Plaintiff to support this claim related to the continuing damages she owed from her breach of her lease. *Id.*

In her Opposition, Plaintiff chiefly argues that the balance that Trans Union reported Plaintiff owing was incorrect, contradicted by the documents that she submitted with her dispute. Dkt. No. 16, at 1.

In regard to the actual balance of the debt, both Plaintiff and Top Line have differing views of the amount of those damages, at different times. *See* Dkt. No. 11, at 2; Dkt. No. 16, at 1. For example, Top Line informed Plaintiff that she owed $8,970.90 on 6/4/24, $10,307.90 on 7/3/24, and $2,857.90 on 7/31/24 (Dkt. No. 11-1 at 33-37); while Plaintiff informed Top Line that she owed them nothing on 7/31/24, and $1,162.90 on 8/17/24. Dkt. No. 9, at ¶ 17-18; Dkt. No. 11-1 at 38. At the time of Plaintiff's 12/5/24 dispute to Trans Union, she believed that she owed nothing to Top Line (Dkt. No. 11-1 at 1-2), while Top Line apparently believed she owed $3,820 upon reinvestigation. Dkt. No. 16, at 1.

Regardless of which of the two parties is correct at any specific time, the underlying disagreement between Plaintiff and her landlord involves legal determinations about likely fluctuating damages from a lease breach that cannot be easily resolved through standard

verification procedures. Consumer reporting agencies are not required to adjudicate intricate issues, legal or otherwise, to ensure the accuracy of a consumer's credit report. *Kamrul Hossain v. Portfolio Recovery Assocs., LLC*, 693 F. Supp. 3d 358, 363 (E.D.N.Y. 2023). Determining lease breach damages at any given time requires complex legal analysis that goes beyond straightforward application of law to facts. Per *Sessa*, reported information is actionably inaccurate only if that information is objectively and readily verifiable by the credit reporting agency. 74 F.4th 38, 43 (2d Cir. 2023).

In her Opposition, Plaintiff further argues that Trans Union's reinvestigation was inadequate, because Trans Union sided with the furnisher after forwarding Plaintiff's dispute and receiving the furnisher's response. Dkt. No. 16, at 2. However, in cases where information is not objectively and readily verifiable, the adequacy of any reinvestigation becomes irrelevant. If the information cannot be readily verified due to the nature of the underlying dispute, then no amount of reinvestigation can cure this fundamental deficiency. 15 U.S.C. § 1681i is not implicated, because it is not the type of inaccuracy contemplated by the FCRA.

Regardless, both parties agree that Trans Union *did* reinvestigate Plaintiff's dispute. *Id.*, at 3. Plaintiff notes that Trans Union "forwarded it to Top Line" and received Top Line's verification of the reporting. *Id.* In doing this reinvestigation, Trans Union had already exceeded the FCRA's requirements, despite Plaintiff's urging that more is necessary.

Lastly, Plaintiff argues that Trans Union's reporting was internally inconsistent and unverifiable, because Trans Union reported that she was 60 days late on her obligation without reporting the months in which that lateness occurred. *Id.*, at 2. Reporting a debt with a late status without pinpointing that lateness to specific months is neither inaccurate nor inconsistent. Regardless, both Top Line and Plaintiff have differing views of when the damages from breaking the lease accrued, leaving such an alleged inaccuracy not objectively and readily verifiable.

At the end of the day, all parties agree that a debt existed, attributable to Plaintiff. All parties agree that the debt was due to Plaintiff's breach of a lease, and the balance of the debt was the damages resulting from that breach. All parties agree that Trans Union performed a reinvestigation after receiving Plaintiff's dispute. What the parties disagree upon is the damages that resulted from such a breach, but such damages are not objectively and readily verifiable upon review by a consumer reporting agency.

As such, Plaintiff has not stated a claim for which relief may be granted, and her Complaint should be dismissed.

Respectfully,

Joshua Stiers, Esq.