# Law Office of Bhavleen Sabharwal, P.C.

261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984


November 7, 2025

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Silver v. Top Line Reporting Inc., et al.
Case No.: 1:25-cv-04375-BMC

Dear Hon. Cogan:

I represent Defendant Top Line Reporting Inc. ("Defendant") in the above-referenced matter. I write pursuant to Your Honor's directive in the order entered on October 21, 2025, directing Defendant to submit a letter setting forth in detail the communications it had with plaintiff's landlord to verify the debt and "how it explains the discrepancies in the amounts reported" as per the order.

Defendant is a furnisher pursuant to 12 CFR §1022.41(c), which means that it is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report". When retained to provide services, Defendant receives a monthly payment rent history of tenants via a secure integrated software to allow Defendant to report tenants who are in arrears and also tenants who are making monthly, timely payments to credit reporting agencies.

As documented in the email correspondence annexed hereto, Defendant first learned that plaintiff Aaliyah Silver ("Plaintiff") filed a dispute regarding a debt reported by Defendant on August 13, 2024 (Ex. 1). Defendant sought verification from the rental property 101 Bruckner where Plaintiff resided and sought a "copy of the signed lease and most recent ledger". A copy of the rental ledger was provided the next day (Ex. 2). Again, on December 17, 2024, Defendant's dispute department made a similar inquiry based on a dispute filed and another copy of Plaintiff's rent ledger was provided by 101 Bruckner (Ex. 3).

The rent ledger shows that as of June 19, 2024, Plaintiff had a balance of $6,445.90 and an additional balance of $2,575 as of June 1, 2024 and $50.00 as of June 10, 2025, however these amounts were not reported because under the FCRA, a debt must accrue for thirty days before it is reported. Thus, it is clear from the rent ledger that $3,820.90 is the balance when the amounts of $2,575 and $50.00 are removed from the total debt of $6,445.90. Plaintiff admits in his complaint that this was the amount reported (Comp. ¶20). (In actuality, the total amount of the debt is $10,357.90 as of July 10, 2024, but this amount was not reported).

Thus, Defendant's diligence in verifying the debt was met by seeking the rental ledger and verifying the debt was owed.

Thank you to the Court for its consideration of this matter.

Respectfully submitted,
Bhavleen Sabharwal

Bhavleen K. Sabharwal
Law Office of Bhavleen Sabharwal
Attorney for Top Line Reporting
261 Madison Avenue, Suite 1063
New York, NY 10016
Tel: (917) 597-5984

Via ECF

To: All parties