# Law Office of Bhavleen Sabharwal, P.C.

261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984


November 7, 2025

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
*Via* electronic filing (ECF)

**Re:** ***Silver v. Top Line Reporting Inc., et al.***
**Case No:** **1:25-cv-04375**

Dear Judge Cogan:

I represent Defendant Top Line Reporting, Inc. (hereinafter "Top Line") in this Action. Pursuant to Rule III(B)(2) of Your Honor's Individual Practices, I write to respectfully request a pre-motion conference regarding Top Line's anticipated motion to dismiss plaintiff, Aliyah Silver's (hereinafter "Plaintiff") First and Third Causes of Action pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[1] As discussed *infra*, Top Line is not a proper defendant under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq., and Plaintiff does not have a valid claim under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681, et seq.

In pertinent part, Plaintiff's Complaint alleges that Top Line violated the FDCPA and FCRA in that Plaintiff alleges Top Line placed false information on Plaintiff's credit report and refused to reasonably investigate Plaintiff's disputes of the alleged debt (Compl. ¶2).

Plaintiff's First Cause of Action, alleging a violation of the FCRA as against Top Line, must be dismissed for lack of subject matter jurisdiction. First, Plaintiff has not pled, and cannot show, that the alleged error was ever disseminated to any third party during the relevant period and thus has suffered no harm.

[1] Plaintiff alleges two causes of action as against Top Line. Plaintiff's Second Cause of Action (Compl. ¶¶ 40-49) is not addressed herein, as it is asserted against Co-Defendant Trans Union only.

In *TransUnion LLC v. Ramirez*, the Supreme Court held that only plaintiffs who have been concretely harmed by a statutory violation have Article III standing to sue, stating succinctly: "[n]o concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). In *TransUnion*, a class of 8,185 plaintiffs alleged violations of the FCRA. *Id*. at 2200. The Supreme Court explained that whether an alleged harm is "concrete" turns on "whether the alleged injury to the plaintiff had a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id*. at 2204 (quoting *Spokeo Inc. v, Robins*, 578 U.S. 330, 341(2016)). The Supreme Court separated the class into two groups: the class members whose erroneous credit reports were disseminated to third-party businesses, and those whose credit reports were not. *Id*. at 2200. The Supreme Court determined that the group whose credit reports were disseminated suffered a harm that resembled the tort of defamation and thus suffered a concrete harm. *Id*. at 2209. However, as to the second group of class members whose credit reports were not disseminated, the Court found that "there is no historical or common-law analog where the mere existence of inaccurate information, absent dissemination, amounts to concrete injury," and those class members lacked standing to sue. *Id*.

Here, Plaintiff alleges that she suffered harm including "being denied credit…significant emotional distress and damage to her reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation and frustration." (Compl. at ¶ 30). Other than the bald assertions of such harm, Plaintiff provides absolutely no specificity with regard to these claims. Further, Plaintiff fails to allege that the alleged erroneous credit information was disseminated. Further, Plaintiff's allegations of emotional distress are conclusory; Plaintiff fails to allege any downstream consequences resulting from Top Line's alleged actions, and Plaintiff's emotional distress claim is not plausibly connected to the alleged FCRA violation. It is clear, then, that Plaintiff has not sufficiently demonstrated Article III standing, and Plaintiff's First Cause of Action against Top Line should therefore be dismissed.

Plaintiff's Third Cause of Action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to sufficiently allege (1) that Top Line is a "debt collector" as defined under the FDCPA, and (2) that Top Line has engaged in any act or omission in violation thereof.

In order to establish a violation under the FDCPA, Plaintiff must prove three elements:

> (1) [T]he plaintiff [is] a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt [is] considered a 'debt collector', and (3) the defendant engaged in an act or omission in violation of the FDCPA's requirements. *Derosa v. CAC Fin. Corp.*, 278 F.Supp.3d 555, 559-60 (E.D.N.Y. Sep. 29, 2017).

Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…" 15 U.S.C. § 1692a(6).

Plaintiff admits in the Complaint that Plaintiff "never received a bill from Top Line, stating or itemizing charges that were being collected from her." (Compl. at ¶ 20). Plaintiff's Complaint

merely states that her landlord, 101 Bruckner "presumably retained Defendant Top Line Reporting in an attempt to collect a debt it alleged Plaintiff owed on her apartment". (Compl. at ¶ 19). That presumption is incorrect, which error is made clear by Plaintiff's own admission that Top Line never contacted her to collect a debt. Furthermore, in New York City, debt collection agencies are required under the New York City Administrative Code to obtain a license to act as such. Admin. Code of the City of New York § 20-490. A search of the public records maintained by the Department of Consumer and Worker Protection, which issues such licenses, confirms that Top Line holds no such license, and thus is not a registered debt collection agency.

For all the reasons referenced above, Defendant Top Line respectfully requests that this Court schedule a pre-motion conference pursuant to Rule III(B)(2) of Your Honor's Individual Practices.

Respectfully submitted,

Bhavleen Sabharwal
Bhavleen K. Sabharwal

Via ECF:

To all parties