UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

ALIYAH SILVER,

Plaintiff,

-against-

TOP LINE REPORTING INC. and TRANS UNION, LLC.,

Defendants.

--------------------------------------------------------------- X

Case No. 1:25-cv-04375-BMC

**<u>Answer of Defendant Top Line Reporting Inc. to Third Cause of Action</u>**

Defendant, Top Line Reporting Inc. ("Top Line"), by and through its attorneys, Law Office of Bhavleen Sabharwal, submits the following Answer to the Second and Third Causes of Action of the Amended Complaint (ECF Dkt 9) filed by Aliyah Silver ("Plaintiff") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Top Line answers as follows:

1. States that the allegations in Paragraph 1 state a legal conclusion to which no response is required. To the extent a response is deemed required, denies the allegations in Paragraph 1.

2. Denies the allegations in Paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 3.

4. Denies the allegations in Paragraph 4.

5. States that the allegations in Paragraph 5 state a legal conclusion to which no response is required. To the extent a response is deemed required, denies the allegations in Paragraph 5.

6. States that the allegations in Paragraph 6 state a legal conclusion to which

no response is required. To the extent a response is deemed required, denies the allegations in Paragraph 6.

7. Denies the allegations in Paragraph 7.

8. Denies the allegations in Paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10.

11. Admits that Top Line is a New York corporation duly authorized and qualified to do business in the State of New York but denies that Top Line qualifies as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6). Top Line was acting as a furnisher of information regarding a tenant debt owed to a creditor, not as a debt collector attempting to collect a debt.

12. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 18.

19. Denies the allegations in Paragraph 19 or that Top Line was ever retained to collect a debt.

20. Admit that Top Line never sent a bill to Plaintiff and denies the remainder of the allegations in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 26 but denies that any information reported by Top Line was "fabricated".

27. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 27 but denies that any information

reported by Top Line was “fabricated”.

28. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 28.

29. Denies the allegations in Paragraph 29. Top Line conducted a proper investigation of Plaintiff's dispute in accordance with applicable law.

30. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 31.

32. Denies the allegations in Paragraph 32 that the tradeline was "self-contradictory." Top Line reported accurate information provided by the creditor.

33. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35.

36. Denies the allegations in Paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 37.

## SECOND CAUSE OF ACTION

47. Respond to the repeated and realleged allegations in Paragraph 47 as set forth above.
48. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 48.
49. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 49.
50. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 50.
51. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 51.
52. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 52.
53. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 53.
54. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 54.
55. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 55.
56. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 56.

## THIRD CAUSE OF ACTION

57. Respond to the repeated and realleged allegations in Paragraph 57 as set forth above.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

60. Denies the allegations in Paragraph 60.

61. Denies the allegations in Paragraph 61.

62. Denies the allegations in Paragraph 62.

## AFFIRMATIVE DEFENSES

Defendant Top Line Reporting Inc. asserts the following affirmative defenses to Plaintiff's Third Cause of Action alleging violations of the Fair Debt Collection Practices Act:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Top Line is not a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Top Line was acting as a "furnisher of information" to credit reporting agencies, not collecting a debt. Reporting information to credit bureaus does not constitute "debt collection" under the FDCPA.

### THIRD DEFENSE

Top Line did not violate any provision of the FDCPA, including but not limited to 15 U.S.C. § 1692e(8), § 1692e(10), or § 1692f(1).

### FOURTH DEFENSE

The information Top Line reported was accurate and based on information provided by the creditor. Reporting accurate information cannot violate the FDCPA.

### FIFTH DEFENSE

Plaintiff has failed to suffer any actual damages as a result of Top Line's actions.

**SIXTH DEFENSE**

Top Line did not willfully violate the FDCPA. Any actions were taken in good faith with a reasonable belief they were lawful.

**SEVENTH DEFENSE**

To the extent the Amended Complaint alleges duties under the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b)), such duties are not part of the FDCPA and are not being answered at this time.

**EIGHTH DEFENSE**

Any recoverable damages are limited by the statutory caps set forth in 15 U.S.C. § 1692k.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any, and any recovery to which Plaintiff may be entitled should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

Top Line reserves the right to assert additional defenses as discovery proceeds and additional facts become known.

WHEREFORE, Defendant Top Line Reporting Inc. respectfully requests that the Court:

A. Dismiss the Third Cause of Action in its entirety, with prejudice;
B. Deny each and every demand, request, and/or prayer for relief contained in the Third Cause of Action of the Amended Complaint;
C. Award Defendant its costs and reasonable attorneys' fees to the extent permitted by law; and
D. Award Defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Bhavleen Sabharwal

Law Office of Bhavleen Sabharwal
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com
Attorney for Defendant Top Line Reporting Inc.