**MALLON CONSUMER LAW GROUP, PLLC**
ATTORNEYS AT LAW
One Liberty Plaza
Suite 2301
New York NY 10006
(917) 734-6815
kmallon@consumerprotectionfirm.com

December 17, 2025

**VIA ECF**
Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Silver v. Top Line Reporting Inc., et al.* EDNY 1:25-cv-04375**

Dear Judge Cogan:

Plaintiff hereby requests a pre-motion conference for an anticipated Motion to Strike Defendant Top Line's recently filed Motion Dismiss pursuant to F.R.C.P. 12(b)(6) and for sanctions. Top Line's motion was filed in an act of brazen defiance of the Court's prior order expressly denying consent to file a subsequent Motion to Dismiss.

Top Line filed a pre-motion letter seeking leave to file a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) on November 25, 2025. The Court denied that request on that same date, holding that F.R.C.P. 12(g)(2) bars successive Rule 12(b)(6) motions containing arguments that could have been raised in an earlier motion. That Order generously allowed Top Line to file a Motion for Judgment on the Pleadings under F.R.C.P. 12(c). Instead of following the Court's instructions, Top Line decided to defy them and file a second F.R.C.P. 12(b)(6) motion on December 12, 2025. Moreover, the motion should also be stricken because Top Line immediately filed its Answer to the Complaint after filing the motion, thereby mooting the Motion to Dismiss.

This brazen act of defiance of an unambiguous Court order demands a strong remedy, and Plaintiff requests that Top Line be prohibited from being allowed to file a Rule 12(c) motion or from treating the current motion as a Motion for Judgment on the Pleadings. Such authority is granted in both the Court's inherent powers and in F.R.C.P. 16(f)(1)(c). To allow such a motion at this point would be to make a mockery of the processes outlined in both the Federal Rules of Civil Procedure and the Court's own direct orders.

The Court provided Top Line the opportunity to file a Rule 12(c) motion – it rejected that opportunity and it would not be unfair to deny it a second bite at the apple. Furthermore, this is the *second* frivolous Motion to Dismiss that Top Line has filed. It's prior Motion to Dismiss (admittedly) mis-stated Plaintiff's First Amended Complaint, was wholly without merit and summarily denied at oral argument. Plaintiff refrained from seeking monetary sanctions in response to that frivolous motion out of courtesy to opposing counsel, but this series of frivolous

filings has now forced Plaintiff to incur substantial and wholly unnecessary attorney's fees (in addition to wasting the Court's time), and should not go without consequences. Accordingly, Plaintiff's motion will seek to recoup its attorney's fees pursuant to both F.R.C.P. 16(f)(2), 15 U.S.C. 1681o(b) and the Court's inherent powers.

Respectfully submitted,

Kevin Mallon
Mallon Consumer Law Group, PLLC
One Liberty Plaza, Suite 2301
New York, NY 10006
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Counsel for Plaintiff Aliyah Silver*