Law Office of Bhavleen Sabharwal, P.C.
261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

January 15, 2026

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Silver v. Top Line Reporting Inc., et al.*, Case No. 1:25-cv-04375-BMC

Dear Judge Cogan:

Defendant Top Line Reporting Inc. ("Top Line") respectfully requests that the Court stay all discovery in this matter pending resolution of Top Line's Motion for Judgment on the Pleadings filed on December 29, 2025 (ECF Dkt. 35). Plaintiff's opposition was filed on January 12, 2025 and Top Line intends to file a reply brief to Plaintiff's opposition. Counsel for Plaintiff has not consented to this stay. The current deadline for the close of discovery is March 15, 2026.

**Good Cause Exists for a Discovery Stay**

Under *Lawson v. Rubin*, 2018 WL 11402165, at 1 (E.D.N.Y. Jan. 25, 2018), this Court has "considerable discretion" to stay discovery upon a showing of good cause, and a pending dispositive motion may constitute good cause under appropriate circumstances. Courts consider: (1) whether defendant has made a strong showing that plaintiff's claims are unmeritorious or presented "substantial arguments for dismissal"; (2) the breadth of discovery and burden of responding; and (3) the risk of unfair prejudice to the party opposing the stay. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

This matter satisfies all three factors and differs materially from *Lawson*, where the Court denied a discovery stay based on motions to dismiss contested claims in a complex RICO matter.

Top Line has made substantial arguments for dismissal—arguments this Court has already accepted. On October 16, 2025, this Court granted Trans Union's motion to dismiss Plaintiff's FCRA claims on the identical grounds Top Line now asserts: that the alleged debt is not "objectively and readily verifiable" because it arises from a landlord-tenant dispute involving complex legal determinations. The Court held Trans Union "would have had to, at the very least, compare plaintiff's payments from her bank account with the terms of the lease, or, more

conclusively, reached out to the landlord and secured a release on plaintiff's behalf. Either is asking too much of a consumer reporting agency. Trans Union is neither an accounting firm nor a law firm, and it did not have to undertake that kind of intricate analysis." (Dkt. 21).

Top Line stands in the same position as Trans Union and received notice of the same dispute. The Court's reasoning applies with equal force to Top Line's FCRA claim. This is not a contested motion presenting novel issues—the Court has already ruled on this precise legal question.

Moreover, the pending motion for judgment on the pleadings under Rule 12(c) is a fully dispositive motion filed after the pleadings closed. If granted, it will eliminate the only remaining claim against Top Line (the Third Cause of Action for FDCPA violations is independently subject to dismissal based on Top Line's status as a furnisher, not a debt collector).

While *Lawson* found discovery in that case unlikely to be unusually burdensome, FCRA discovery typically involves extensive document production, including internal policies, procedures, training materials, communications with creditors, and communications between Plaintiff and Top Line. If the pending motion is granted, all such discovery would be unnecessary and wasteful for both parties.

**Both Causes of Action Should Be Stayed Because the Issues Are Intertwined**

Although Top Line's pending motion addresses only the First Cause of Action (FCRA violations), discovery on both the FCRA and FDCPA claims should be stayed because the issues are invariably intertwined. Both claims arise from the same core factual predicate: Top Line's reporting of the alleged debt and response to Plaintiff's dispute. Discovery on either claim would necessarily encompass Top Line's investigation procedures, communications with the creditor, internal review processes, and the factual basis for reporting the debt—the exact same documents and testimony required for both claims.

Proceeding with discovery on the FDCPA claim alone would be inefficient and potentially wasteful. If the FCRA claim is dismissed based on this Court's prior finding that the debt is not "objectively and readily verifiable," that ruling would bear directly on the FDCPA claim's viability as well. Top Line's status as a furnisher of information—not a debt collector—independently warrants dismissal of the FDCPA claim, but even setting that aside, the same factual and legal determinations underlying the FCRA claim permeate the FDCPA allegations.

Plaintiff will not suffer prejudice from a brief stay. Unlike *Lawson*, where plaintiff alleged ongoing spoliation, there is no suggestion of document destruction here. The Court can resolve the pending motion before the March 15 discovery deadline, and if the motion is denied, the discovery schedule can be promptly reinstated with minimal delay. The alleged harm occurred in 2024 and is not ongoing.

In *Lawson*, the Court emphasized the motions were "hotly contested" and the case was "not nearly as clear-cut" as cases warranting a stay. Here, by contrast, the pending motion presents the same dispositive question the Court resolved against Plaintiff once before.

For these reasons, Top Line respectfully requests that the Court stay all discovery until resolution of the pending motion.

Respectfully submitted,

*Bhavleen Sabharwal*

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com

*Attorney for Defendant Top Line Reporting Inc.*