**MALLON CONSUMER LAW GROUP, PLLC**
ATTORNEYS AT LAW
One Liberty Plaza
Suite 2301
New York NY 10006
(917) 734-6815
kmallon@consumerprotectionfirm.com

January 15, 2026

**VIA ECF**
Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Silver v. Top Line Reporting Inc., et al.* EDNY 1:25-cv-04375**

Dear Judge Cogan:

Plaintiff submits this letter in opposition to Defendant Top Line Reporting Inc.'s ("Top Line") Motion to Stay Discovery. As an initial matter Top Line has disregarded Your Honor's Individual Rules and Practices by bypassing the need for a Pre-Motion Letter and given themselves permission to file the instant Motion to Stay. This is part of a continuing pattern in this action of Top Line simply ignoring this Court's Rules and Orders.

Top Line's motion fares no better on the merits. There is no basis to grant a stay here because Top Line's pending Motion to Dismiss/Motion for Judgment on the Pleadings does not seek to dismiss the entire case against it. Top Line's instant motion states that "the pending motion . . . is a fully dispositive motion." That is false. Plaintiff's First Amended Complaint contains three causes of action and Top Line's pending motion only seeks to dismiss Plaintiff's First and Second Causes of Action for violating the Fair Credit Reporting Act ("FCRA") and NY FCRA. It does not seek to dismiss Plaintiff's Third Cause of Action for violating the Fair Debt Collection Practices Act ("FDCPA").

Top Line's instant motion repeatedly argues that Plaintiff's FDCPA claim should be dismissed because Top Line is "not a debt collector." Top Line already raised that defense it is first Motion to Dismiss – an argument which this Court soundly rejected at oral argument on November 24, 2025. Top Line's insistence that the FDCPA claim will be dismissed after the Court has already rejected that precise argument is sanction worthy – particularly in light of the fact that Top Line continues to disregard this Court's Orders and practices.

Top Line correctly argues that Plaintiff's FCRA and FDCPA claims are intertwined and discovery for those claims will overlap – which is why the current motion has no merit. Even if Top Line prevails in dismissing Plaintiff's FCRA claims discovery will proceed all the same. Further Top Line's reply brief is due in two business days, and anyone remotely familiar with this Court's practices knows that a ruling on that motion will follow shortly thereafter. Accordingly, any stay pending the resolution of that motion would be incredibly short lived and

have no actual impact on the case, and Top Line's motion amounts to nothing more than a waste of resources for all parties and the Court.

Respectfully submitted,

Kevin Mallon
Mallon Consumer Law Group, PLLC
One Liberty Plaza, Suite 2301
New York, NY 10006
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Counsel for Plaintiff Aliyah Silver*