UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X Case No.: 1:25-cv-04375-BMC

ALIYAH SILVER,

Plaintiff,

v.

TOP LINE REPORTING INC. and
TRANS UNION, LLC.,

Defendants.

---------------------------------------------------------X

**DEFENDANT TOP LINE REPORTING INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Top Line Reporting, Inc. ("Top Line"), through undersigned counsel, hereby respectfully submits this Reply Brief in Further Support of Its Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action for violation of the Fair Credit Reporting Act, pursuant to Federal Rule of Civil Procedure 12(c). In support, Top Line submits the attached Memorandum of Law.

Dated: January 20, 2026
New York, New York

Respectfully Submitted,

*Bhavleen Sabharwal*

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com
Attorney for Defendant Top Line Reporting

## TABLE OF CONTENTS


INTRODUCTION 3

ARGUMENT

I Furnishers Are Required Only to Verify Information with Creditors Under 15 U.S.C. § 1681s-2(b), Not to Adjudicate the Legal Validity of Underlying Charges……… 3

II. Top Line Conducted a Reasonable Investigation and the Rent Ledger Confirms the Debt is Accurate and Owed………………………………………………………………………… 5

III. This Court's October 16, 2025 Order Dismissing Trans Union Is Directly Controlling: The "Objectively and Readily Verifiable" Standard Applies Equally to Furnishers and Consumer Reporting Agencies……………………………………………………………………….. 6

CONCLUSION 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X Case No.: 1:25-cv-04375-BMC

ALIYAH SILVER,
Plaintiff,

v.

TOP LINE REPORTING INC. and
TRANS UNION, LLC.,
Defendants.

---------------------------------------------------------X

## I INTRODUCTION

Plaintiff does not dispute that she broke her lease early[1], that the lease expressly conditioned her rent-free occupancy period on "fulfill[ing] all subsequent obligations under the lease," or that the landlord's rent ledger—verified by Top Line through proper investigation—supports the reported debt. Instead, Plaintiff seeks to hold Top Line liable for declining to substitute its judgment for the landlord's regarding the legal validity of the concession charge, the applicability of implied warranty of habitability defenses, and the enforceability of lease provisions—all complex legal disputes that this Court already determined are not objectively and readily verifiable when it dismissed Trans Union on October 16, 2025.

## ARGUMENT

### I FURNISHERS ARE REQUIRED ONLY TO VERIFY INFORMATION WITH CREDITORS UNDER 15 U.S.C. § 1681S-2(B), NOT TO ADJUDICATE THE LEGAL VALIDITY OF UNDERLYING CHARGES

[1] 101 Bruckner Realty LLC filed a Summons and Complaint against Plaintiff in the Supreme Court of the State of New York, County of Kings, on December 24, 2024, seeking $10,357.90 for breach of contract and account stated—the very same landlord-tenant dispute underlying Plaintiff's FCRA claims.

Plaintiff's argument that Top Line must "explain" or prove the legal basis for the concession charge fundamentally misunderstands FCRA obligations and the limited role of furnishers in the credit reporting system. Top Line is a "furnisher of information" that reports rental payment history provided by landlords and property managers to credit reporting agencies. Top Line is not the original creditor and has no direct transactional relationship with Plaintiff. Top Line does not establish the charges, create the ledgers, determine what amounts are owed, or make decisions about lease enforcement—these are all functions of the landlord, 101 Bruckner Realty. Top Line's role is limited to accurately reporting information furnished by creditors to consumer reporting agencies.

Under 15 U.S.C. § 1681s-2(b), when a furnisher receives notice of a dispute from a consumer reporting agency, the furnisher must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the information is found to be incomplete or inaccurate, modify, delete, or permanently block the reporting of that information 15 U.S.C. § 1681s-2(b)(1)(D)-(E).

Upon receiving notice of Plaintiff's dispute from Trans Union, Top Line contacted JCS Realty Group (the property manager for 101 Bruckner) and obtained updated ledger documentation (Ex. B of Plaintiff's Opposition). Specifically, on August 13, 2024, Top Line's dispute department sought "a copy of the signed lease and most recent ledger," and a copy of the rental ledger was provided the next day (Ex. B of Plaintiff's Opposition). Top Line conducted the same verification process again on December 17, 2024, when another dispute was filed. This verification with the creditor is precisely what Section 1681s-2(b) requires furnishers to do (Ex. B of Plaintiff's Opposition).

**Plaintiff's Dispute is with the Landlord, Not with Top Line's Reporting**

Plaintiff's true grievance is that the concession charge lacks a legal basis and is not mentioned in her lease. But this dispute concerns the validity and enforceability of the charge itself—a matter between Plaintiff and her landlord that must be resolved through appropriate legal channels, not through FCRA litigation against a furnisher. Whether 101 Bruckner had the contractual or legal right to assess the concession charge, whether an implied contract existed for concession repayment, or whether the charge violates any provision of the lease are all questions that require adjudication of landlord-tenant law and contract interpretation. Even accepting all of Plaintiff's allegations as true, as required under Rule 12(c), judgment on the pleadings must be granted because Plaintiff has failed to allege an objectively and readily verifiable inaccuracy—instead, she seeks to compel Top Line to adjudicate complex legal disputes that furnishers are neither equipped nor required to resolve under the FCRA.

## II TOP LINE CONDUCTED A REASONABLE INVESTIGATION AND THE RENT LEDGER CONFIRMS THE DEBT IS ACCURATE AND OWED

Plaintiff's assertions that Plaintiff paid "every dollar under her lease agreement until a new tenant moved in" (Plaintiff's Memorandum of Law pg. 4) and thus Top Line failed to conduct a reasonable investigation is belied by the evidence. It is admitted in the Amended Complaint that Plaintiff terminated her lease early (First Am. Compl. ¶ 14). Landlords in New York City regularly provide tenants with rent-free periods to incentivize rentals, with those concessions recovered later if a tenant breaks the lease early. The lease Plaintiff signed indicates, "it is agreed and understood that the Tenant will be occupying and have full rights to the unit from 10/01/2023 through 12/15/2023 *at no additional cost, provided the tenant fulfills all subsequent obligations under the lease.*" Thus, according to the lease and the rental ledger which shows no payments were made for October, November, and partially in December, Plaintiff resided in the apartment for two and a

half months before she began paying rent, and this benefit was expressly conditioned on fulfilling all subsequent lease obligations (Rental ledger annexed to Plaintiff's Opposition as Exhibit A (Dkt. 37-1).

The rental ledger shows Plaintiff was assessed a concession charge of $6,437.50 on May 29, 2024 less a credit of $41.60 which reduced the amount owed to $6,395.90 for the two and a half months she resided in the apartment without making a lease payment. The rental ledger shows that as of June 19, 2024, Plaintiff had a balance of $6,445.90 and an additional balance of $2,575 as of June 1, 2024 and $50.00 as of June 10, 2025, however these amounts were not reported because under the FCRA, a debt must accrue for thirty days before it is reported. Thus, it is clear from the rent ledger that $3,820.90 is the balance when the amounts of $2,575 and $50.00 are removed from the total debt of $6,445.90. Plaintiff admits in her complaint that this was the amount reported (Comp. ¶20). (In actuality, the total amount of the debt is $10,357.90 as of July 10, 2024, but this amount was not reported). (Top Line's letter to the Court regarding verification efforts as Dkt. 25).

## III THIS COURT'S OCTOBER 16, 2025 ORDER DISMISSING TRANS UNION IS DIRECTLY CONTROLLING: THE "OBJECTIVELY AND READILY VERIFIABLE" STANDARD APPLIES EQUALLY TO FURNISHERS AND CONSUMER REPORTING AGENCIES

In FCRA cases, Plaintiff must allege an inaccuracy in reporting that is objectively and readily verifiable. *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023). **This threshold requirement applies to all FCRA claims—whether brought against consumer reporting agencies under Section 1681i or against furnishers under Section 1681s-2(b)**. The Second Circuit's holdings in *Mader* and *Sessa* establish that alleged inaccuracies that turn on legal disputes are not cognizable under the

FCRA if they are not objectively and readily verifiable, without distinguishing between types of FCRA defendants.

Plaintiff cites *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022), for the proposition that furnishers have heightened investigative obligations compared to consumer reporting agencies. The Second Circuit has not adopted the Ninth Circuit's approach, and this Court should not create new law expanding furnisher liability beyond controlling Second Circuit precedent. Moreover, even *Gross* recognized that furnishers need not resolve "questions of legal significance"—and the disputes here unquestionably involve legal questions about lease interpretation, habitability defenses, and the validity of charges not expressly documented in the lease.

## IV CONCLUSION

For the foregoing reasons, Defendant Top Line Reporting Inc. respectfully requests that this Court grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismiss Plaintiff's First Cause of Action with prejudice.

Dated: January 20, 2026
New York, New York

Respectfully Submitted,

*Bhavleen Sabharwal*

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com
Attorney for Defendant Top Line Reporting Inc.