# Law Office of Bhavleen Sabharwal, P.C.

261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

April 9, 2026

**VIA ECF:**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Silver v. Top Line Reporting Inc., et al.*, Case No.: 1:25-cv-04375-BMC

Dear Judge Cogan:

I represent Defendant Top Line Reporting Inc. ("Top Line") in the above-captioned matter. Pursuant to Your Honor's Individual Practices and Rules, I write to respectfully request a pre-motion conference for Top Line's anticipated motion for summary judgment under Federal Rule of Civil Procedure 56.

In this action, Plaintiff Aliyah Silver's ("Plaintiff") Fair Debt Collection Practices Act ("FDCPA") claim is the sole remaining claim after this Court dismissed her Fair Credit Reporting Act ("FCRA") claims against both Trans Union, LLC (October 16, 2025 Dkt. 21) and Top Line (January 28, 2026 Dkt. 44). Top Line intends to move for summary judgment on the FDCPA claim, as the uncontroverted evidence elicited in discovery establishes that Top Line is not a "debt collector" under the FDCPA and therefore the statute does not apply.

**I          Factual and Procedural Background**

In her Third Cause of Action of the First Amended Complaint, Plaintiff alleges violations of the FDCPA. The allegations pertaining to the Third Cause of Action are as follows:

Top Line further qualifies as a 'debt collector' within the meaning of 15 U.S.C. § 1692(a)(6) (Comp. ¶ 11)

At some point 101 Bruckner *presumably* (emphasis added) retained Defendant Top

1

> Line Reporting in an attempt to collect a debt it alleged Plaintiff owed on her apartment (Comp. ¶ 19)
>
> Defendant Top Line Reporting Inc. is a debt collector as defined in 15 U.S.C. § 1692(a)(6) (Comp. ¶ 58).

Aside from these allegations, there are no factual allegations explaining how or why Top Line meets the statutory definition of a debt collector pursuant to the FDCPA. In fact, Plaintiff acknowledges that she never received an invoice from Top Line (Comp. ¶ 20).

During his deposition on February 11, 2026, Top Line's Chief Executive Officer Henry Goldring testified that Top Line is not engage in debt collection activities. Specifically, Mr. Goldring stated that Top Line "do[es] not collect debt," "do[es] not accept payments or demand payments," and does not "negotiate payments, nor do we seek to induce any kind of payments[1]." Mr. Goldring further testified that Top Line "don't [sic] act as any kind of third-party collector"[2] and emphasized that Top Line's sole function is to report rental payment information to credit reporting agencies on behalf of landlords. Mr. Goldring confirmed that Top Line operates on a subscription-based model in which landlords pay Top Line a monthly fee per lease reported, and that Top Line's compensation does not depend on whether tenants pay their rent or whether any debts are collected. This is critical as debt collection firms pursuant to industry patterns and practice recover compensation based on debts collected. Mr. Goldring's testimony about the nature of services provided to Plaintiff's landlord 101 Bruckner is consistent with Plaintiff's February 11, 2026 deposition testimony, where she testified that only her landlord, 101 Bruckner Realty LLC, contacted her demanding payment of the disputed amounts[3].

**Top Line Is Entitled to Summary Judgment on the FDCPA Claim Because It Is Not a "Debt Collector" Under the FDCPA**

The FDCPA applies only to "debt collectors" as defined by 15 U.S.C. § 1692a(6). That provision defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute thus covers entities whose principal purpose is debt collection, or entities that regularly collect debts owed to another. The evidence on record establishes that Top Line does not meet this statutory definition and therefore cannot be liable under the FDCPA. Top Line's business is furnishing credit information to consumer reporting agencies on behalf of landlords, not collecting debts.

This was confirmed and reinforced at the March 6, 2026 evidentiary hearing before this

---

[1] Goldring Dep. 62:15–19

[2] Goldring Dep. 62:21-22

[3] Silver Dep. 34:4–9; see also Silver Dep. 32:23–33:3.

Court, where Mr. Goldring reiterated under oath that Top Line's sole function is credit reporting, not debt collection.

Plaintiff's testimony that the only entity that contacted her requesting payment was her landlord, 101 Bruckner Realty LLC, through its property management company, JCS Realty Group is supported by documents produced in discovery. There documents establish that 101 Bruckner Realty LLC sent Plaintiff written notices dated June 4, 2024 and July 3, 2024 demanding outstanding balances of $8,970.90 and $10,307.90, respectively, directing her to submit payment online at www.jcsrealtyny.com (DEF0006 and DEF0007).

Finally, Plaintiff acknowledged that her communications with Top Line "concerned what they reported" on her credit, not collection of the debt[4].

The fact that Plaintiff disputes the accuracy or validity of the underlying debt is immaterial to whether Top Line qualifies as a debt collector. It is further irrelevant what Plaintiff believed Top Line was retained to do when Top Line engaged in no external activities that would indicate they were engaged to collect a debt. Top Line's role was limited to reporting information provided by the landlord. Whether that information was accurate or whether Plaintiff owed the reported debt has no bearing on the threshold question of whether Top Line is a "debt collector" subject to the FDCPA. Because the uncontroverted evidence establishes that Top Line is not a debt collector, Plaintiff's FDCPA claim fails as a matter of law, and summary judgment is appropriate.

For the reasons set forth herein, a pre-motion conference before the Court is requested.

Respectfully submitted,

By: *Bhavleen Sabharwal*
Bhavleen Sabharwal, Esq.
LAW OFFICE OF BHAVLEEN SABHARWAL, P.C.
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com
Attorney for Top Line Reporting

---

[4] Silver Dep. 27:2-4, 35:17-18

3