# Exhibit F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**------------------------------------------------------------------x**
**ALIYAH SILVER,**

**Case No. 1:25-cv-04375**

**Plaintiff,**

**-against-**

**TOP LINE REPORTING INC. and**
**TRANS UNION, LLC.,**
**Defendants.**
**------------------------------------------------------------------x**

**PLAINTIFF'S RESPONSES TO TOP LINE REPORTING INC.'S INTERROGATORIES**

Plaintiff Aliyah Silver ("Plaintiff") tenders the following response to Defendant Top Line Reporting Inc.'s First Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

Plaintiff makes the following general responses to the Defendant's Interrogatories. The recurring objections set forth below are incorporated into each of the Plaintiff's responses to Defendant's Interrogatories.

1. Plaintiff objects to the Interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges or exemptions from disclosure. In responding to Defendant's Interrogatories, Plaintiff will interpret each interrogatory as not seeking any information protected from disclosure by such privileges or exemptions.

2. The Plaintiff's responses as set forth below are based upon information presently known to him. The Plaintiff reserves the right to rely on any facts, documents, or other evidence which

may develop or subsequently come to her attention, to assert additional objections or supplemental responses should he discover that there are information or grounds for objections, and to supplement or amend these responses at any time. The Plaintiff also reserves the right to object to the further disclosure of any document and/or information.

**INTERROGATORIES**

**<u>INTERROGATORY NO. 1</u>**:

**INTERROGATORY NO. 1:** State your full legal name, current address, date of birth, Social Security number, all addresses at which you have resided during the Relevant Period, and your current employer and employment status.

**Response:**

Aliyah Silver, [redacted].

SS# [redacted]3553

DOB: [redacted]/97

Plaintiff is currently employed by [redacted].

**INTERROGATORY NO. 2:** State the dates on which you began and ended your tenancy at 101 Bruckner Boulevard, Unit 2-F, Bronx, New York 10454.

**Response:**

9/11/23 – May 2024

**INTERROGATORY NO. 3:** Identify each and every payment you made to 101 Bruckner Realty LLC during your tenancy, including the date, amount, method of payment, and what the payment was intended to cover.

**Response:**

See Rent Ledger produced in Silver_0001 – 0063.

**INTERROGATORY NO. 4:** Identify each specific charge on the rent ledger or in any statement from 101 Bruckner Realty LLC or Top Line Reporting Inc. that you contend was inaccurate, and state the factual basis for your contention that each such charge was inaccurate.

**Response:**

The charges for a "concession fee" are inaccurate. The charges after Plaintiff moved out based on her landlord violating the implied warranty of habitability are inaccurate. The rent ledger also does not reflect Plaintiff's partial payment for July 2024 rent.

**INTERROGATORY NO. 5:** Identify all communications you had with 101 Bruckner Realty LLC, JCS Realty Group, or any representative thereof regarding amounts owed, the security deposit, or your obligations under the lease, including the date, method, participants, and substance of each communication.

**Response:**

See Silver_0001 – 0063.

**INTERROGATORY NO. 6:** You allege in your Complaint that the December 5, 2024 dispute was your "third attempt to dispute this false information." Identify the date, method, recipient, and complete details of your first and second attempts to dispute this information.

**Response:**

See Silver_0001 – 0063.

**INTERROGATORY NO. 7:** Identify each credit application you submitted that was denied, in whole or in part, that you contend was caused by the Top Line Reporting Inc. tradeline, including the date of application, the creditor, the type of credit sought, and the reason provided for the denial.

**Response:**

Plaintiff applied for and was denied an Apple credit card. See Silver_0039 – 0042.

**INTERROGATORY NO. 8:** State the total amount of economic damages you claim to have suffered as a result of the alleged FCRA and FDCPA violations, and describe in detail how you calculated this amount.

**Response:**

Plaintiff seeks $10,000 in economic damages hard to her credit, $50,000 for damage to her reputation and $100,000 in emotional distress damages.

**INTERROGATORY NO. 9:** State whether you sought or received any medical treatment, psychological counseling, or psychiatric care for emotional distress related to the alleged FCRA and FDCPA violations, and if so, identify each healthcare provider, the dates of treatment, and the nature of treatment received.

**Response:**

Plaintiff has not sought or received any such treatment.

**INTERROGATORY NO. 10:** Identify all documents in your possession, custody, or control that you contend support your position that the Top Line Reporting Inc. tradeline was inaccurate or that Top Line failed to conduct a reasonable investigation.

**Response:**

See Silver_0001 – 0063.

**INTERROGATORY NO. 11:** Identify all persons with knowledge of facts relevant to your claims in this action, including their contact information and a brief description of their knowledge.

**Response:**

Plaintiff

Employees of Top Line Reporting, Inc.

Joseph Klein, Property Manager, JCS Realty Group

[redacted]

[redacted].com

[redacted] – Plaintiff's sister, can be contacted via counsel

[redacted] – Plaintiff's mother – can be contacted via counsel

**INTERROGATORY NO. 12:** State whether you intend to call any expert witnesses at trial, and if so, identify each expert witness, their qualifications, the subject matter of their expected testimony, and the opinions they are expected to express.

**Response:**

Plaintiff objects on the grounds that this request is premature. Plaintiff has not yet retained an expert or decided if she will retain one. All expert disclosures will be made in accordance with FRCP 26 and any court orders.

**INTERROGATORY NO. 13:** Describe in detail all communications you had with Top Line Reporting Inc. regarding the Account or your dispute, including the date, method, participants, and complete substance of each communication.

**Response:**

Objection, calls for information equally available to Top Line. See Silver_0001 – 0063.

Dated: February 10, 2026

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
(917) 734-6815
kmallon@consumerprotectionfirm.com
Attorneys for the Plaintiff