# MALLON CONSUMER LAW GROUP, PLLC

ATTORNEYS AT LAW
One Liberty Plaza
Suite 2301
New York NY 10006
(917) 734-6815
kmallon@consumerprotectionfirm.com

June 4, 2026

**VIA ECF**
Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: *Silver v. Top Line Reporting Inc., et al.* EDNY 1:25-cv-04375

Dear Judge Cogan:

We represent plaintiff Aliyah Silver. I write to request leave to e-file a corrected version of plaintiff's Local Civil Rule 56.1 counterstatement [ECF No. 62-1], and to correct the record regarding certain citation errors that defendant Top Line Reporting, Inc. identified in its reply [ECF No. 64-1].

On reviewing Top Line's reply, we determined that a number of the deposition pin-cites in plaintiff's counterstatement — to the transcripts of both Henry Goldring and plaintiff Aliyah Silver, and including several in plaintiff's statement of additional material facts — are inaccurate. The errors are principally page references that are off by one page, along with some inaccurate line references, with the result that the quoted testimony does not appear at the precise page and line cited. The errors are confined to the citations themselves. The quoted testimony is accurate and appears at the correct, adjacent pages of the respective transcripts, and the corresponding citations in plaintiff's memorandum of law in opposition are accurate. The error is mine, and I apologize to the Court and to defendant for it and for any inconvenience it has caused.

I raise this promptly, and specifically, because Top Line's reply states in several paragraphs that the language plaintiff quoted "does not appear" at the cited pages of the Goldring deposition. I want to be clear for the record that the quotations are accurate and are supported by the transcript; the errors were in the citations, not in the substance of the testimony quoted. The corrected counterstatement supplies the correct citations and revises nothing else — it adds no new material and changes none of plaintiff's responses or positions. So that the Court need not take this on plaintiff's representation, plaintiff is prepared to lodge the relevant pages of the cited deposition transcripts for the Court's confirmation.

We respectfully request leave to file the corrected counterstatement. Enclosed for the Court's convenience is redlined copy of the Plaintiff's Revised Rule 56.1 Repone reflecting each change from the original [ECF No. 62-1].

We thank the Court for its attention to this matter.

Respectfully submitted,

Kevin Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Counsel for Plaintiff Aliyah Silver*

2